Yaman Salahi (SBN 288752)
yaman@salahilaw.com
Nicole Cabañez (*pro hac vice* forthcoming)
nicolec@salahilaw.com
SALAHI PC
505 Montgomery St., 11th Floor
San Francisco, California 94111
Tel: (415) 236-2352

Counsel for Plaintiff and the proposed Class

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RAJBIR SINGH JUDGE, on behalf of himself and all others similarly situated, | Case No. 3:25-cv-05857 |
| *Plaintiff,* | **CLASS ACTION COMPLAINT FOR:** |
| v. | **Violations of the Right of Publicity** |
| ACADEMIA, INC., an Oregon corporation, | DEMAND FOR JURY TRIAL |
| *Defendant.* | |

Plaintiff Rajbir Singh Judge brings this Class Action Complaint against Defendant Academia, Inc., to put an end to Defendant's unlawful practice of using the names and identities of academics without their consent to promote its paid services. Plaintiff, on behalf of himself and all others similarly situated, alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his own attorneys.

**INTRODUCTION**

1. Defendant Academia operates a commercial platform for sharing academic research and which allows researchers and academics to create profiles featuring their work on its website, Academia.edu. The website also has social networking features, allowing users to create profiles, connect with and follow other researchers, and track materials that cite or

reference their own work. While some of Academia's features are free, many are only available to registered and paying users.

2. Academia uses the identities of unsuspecting academics and researchers to market its services to non-paying or prospective users. For example, a person who creates a non-paying account will be sent emails or shown webpages with teasers that encourage them to sign up for a paying subscription. These teasers prominently feature the identities of other people who may be known to the prospective user. For example, the prospective user may be sent an email stating they have been "Mentioned by 'Jane Doe,'" another person on Academia's website. The email will include a link urging them to "View Your Mention." If the prospective user follows the link, they will be shown a paywall stating the number of times they have been mentioned, "Including one written by Jane Doe." Adjacent to that mention is a prominent link stating something similar to, "Try Premium for $1 and view your Mentions." Jane Doe, however, never consented to have their identity used for Academia's advertising purposes. In this way, Academia commercializes the identities of proposed Class members—i.e., people whose identities were used by Academia in advertisements promoting the sale of its Premium subscription.

3. The people appearing in Academia's advertisements never provided Academia with their consent to use their identities for its marketing and commercial purposes.

4. By knowingly using Plaintiff and the Class members' identities in its advertisements without consent and for commercial gain, Academia violated—and continues to violate—the right of publicity statutes of Alabama, California, Hawaii, Illinois, Nevada, Ohio, South Dakota, and Washington. *See* Ala. Code § 6-5-770, Cal. Civ. Code § 3344, Haw. Rev. Stat. Ann. § 482P-1, 765 Ill. Comp. Stat. Ann. 1075/1, Nev. Rev. Stat. § 597.790, Ohio Rev. Code § 2731.01, S.D. Codified Laws § 21-64, and Wash. Rev. Code Ann. § 63.60.010 (hereinafter, the "Right of Publicity Statutes").

## PARTIES

5. Plaintiff Rajbir Singh Judge is a natural person and a resident of the State of California. Dr. Judge is a scholar of South Asia, Postcolonial Theory, and Modern World

1  History.  Defendant has used Dr. Judge's identity in advertisements delivered to other people without his consent.

6.  Defendant Academia, Inc. is, according to its registration with the California Secretary of State, a corporation organized and existing under the laws of Oregon with its principal place of business in San Francisco, California.[1]  It owns and operates the Academia.edu website.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because (i) at least one member of the proposed Class is a citizen of a state or country different from the Defendant; (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; (iii) there are at least 100 class members; and (iv) none of the exceptions under the subsection apply to this action.

8.  This Court has personal jurisdiction over Defendant because its headquarters is in this District, it transacts significant business in this District, and the unlawful conduct alleged in the Complaint occurred in and emanated from this District.

9.  Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant resides in this District, and a substantial part of the events giving rise to Plaintiff's claims arose in this District.

## FACTUAL ALLEGATIONS

**I.     THE RIGHT OF PUBLICITY**

10.  Several states have enacted statutes to prevent the exploitation of individuals' identities for another's commercial gain without consent.  These statutes generally protect people from the unauthorized use of their identities—including but not limited to attributes like their names, images, and likenesses—in the sale, offering for sale, or advertisement of products,

---

[1] In its January 30, 2025 Statement of Information filed with the California Secretary of State, Defendant represents that it is formed under the laws of Oregon.  According to the Oregon Secretary of State, Academia, Inc. currently has an "inactive" status and records indicate that it was subjected to Administrative Dissolution on January 11, 2024.  *See* Ore. Rev. Stat. § 65.647 (describing grounds for administrative dissolution).  Defendant's place of incorporation and legal status are therefore currently unclear.

1  goods, merchandise, and services.

2  11.  For example, California's right of publicity statute states that, "[a]ny person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent . . . shall be liable for any damages sustained by the person or persons injured as a result thereof." Cal. Civ. Code § 3344(a).  A person who has been injured is entitled to "the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages." *Id*.  California's right of publicity statute protects all people, not just public figures, from the commercial exploitation of their identities without consent.

12.  Other states have enacted laws that are materially similar to California's, including Alabama, Hawaii, Illinois, Nevada, Ohio, South Dakota, and Washington.

## II.  ACADEMIA USES INDIVIDUALS' IDENTITIES TO PROMOTE ITS PAID SUBSCRIPTION SERVICE

13.  Academia owns and operates Academia.edu, a website that sells paid access to a business database.  Academia states that its "mission is to make every scholarly and scientific paper available for free on the internet and to enhance academic discussion and collaboration." But of course, Academia is a for-profit corporation, so it calls on users to "[s]upport our mission by becoming a Premium member, and gain access to Academia Premium's tools to advance your career and research."  Premium membership costs money.

14.  Academia Premium includes several features available only to paid subscribers, including access to "PDF Packages" (compilations of academic papers along with papers that cite it, or other papers relevant to the author and topic), full-text search abilities of over 47 million papers, and tools for tracking a person's mentions and citations, among other things. While Academia offers a free trial for one month's access for just $1.00, after the trial users currently pay $159.00 for a discounted annual subscription, or $29.00 monthly, though graduate

students are offered discounts.

15. Academia boasts that it is used by academics at 15,770 universities around the world, that it hosts over 55 million papers, and that it has 291 million members across all disciplines. It claims that over 42% of university faculty use its website every month. Indeed, its profile feature has proven to be quite popular. According to the company's website, its founder Richard Price "had the idea for the company when finishing his PhD at Oxford in philosophy. As Richard was finishing his PhD, he decided he wanted to have a homepage where he could say 'this is who I am; this is what I have been working on; here are my papers." From its establishment in or around 2008, Academia has grown from just a handful of users to over 277 million. Unsurprisingly, its growth has attracted the interest of investors, including venture capital firms Spark Capital, Tencent Holdings, Khosla Ventures, and True Ventures.

16. Academia's growth is due in no small part to its aggressive marketing tactics, leveraging social networks and human relationships to induce subscriptions. A person who creates a free account almost immediately begins to receive solicitations to subscribe to a paying membership. Those solicitations feature the identities of people whom Academia has determined may be known to, or otherwise connected with, the prospective subscriber.

17. For example, a person will receive emails like the below as soon as they have created a free account (the names of the individuals involved have been redacted for privacy):



**Figure 1: Email Solicitation**

18. Usually, these email solicitations are addressed to the prospective user, and

1  reference mentions by other people. The identities of these other people—who have supposedly
2  mentioned the prospective user—are being leveraged in the advertisement to encourage a
3  subscription.

4  19.  A person that follows the email link to "View your Mention" is once again
5  presented with an inducement to subscribe that uses the identity of the person who supposedly
6  mentioned them. The screenshot below depicts the solicitation on Academia's website, once
7  again with identities redacted:



Figure 2: Website Solicitation Following Email Link

17  20.  The third-party identity being leveraged in the advertisement is included in the
18  line, "Including one written by [Redacted]," in a prominent font and placement with the purpose
19  of encouraging people to purchase a Premium subscription. Thus, Academia uses a third-party's
20  identity to solicit subscriptions to its Premium membership.

21  21.  Using the identities of people who have mentioned a prospective user in their
22  academic work is not the only way that Academia commercializes people's identities without
23  consent. It also tracks the browsing behavior of non-paying members to identify other ways it
24  can leverage another person's identity (such as a non-paying member's colleague) to induce the
25  non-paying member to purchase a subscription.

26  22.  For example, if a non-paying member visits another person's profile or paper on
27  Academia.edu, the non-paying member will begin to receive promotional advertisements from
28  Academia.edu featuring the identity of the person whose profile or paper they were viewing.

1  That appears to be what happened to Plaintiff.  One of Plaintiff's academic colleagues was
2  shown the following advertisement on Academia.edu shortly after viewing Plaintiff's profile (the
3  colleague's name has been redacted):



**Figure 3: Website Promotion Based on Browsing History**

23. Thus, Academia uses the identity of academics who may have mentioned a prospective subscriber, or whose research or profiles a prospective subscriber has viewed, to promote the sale of access to the Academia Premium product.  This constitutes unauthorized commercialization of the identities of researchers and scholars for Academia's own commercial benefit.

24. Academia never obtained consent from Plaintiff and Class members to use their names and identities for commercial purposes.

**FACTS SPECIFIC TO PLAINTIFF RAJBIR SINGH JUDGE**

25. Plaintiff Rajbir Singh Judge recently discovered that Academia was using his identity to solicit the purchase of paid subscriptions to Academia Premium.  Academia specifically identified Dr. Judge by his full name and with reference to his academic work.  *See*,

*e.g.*, Figure 3, above. Dr. Judge never provided Academia with his consent to use any attribute of his identity for commercial purposes, and never authorized Academia to use his identity to promote any of its products or services. Dr. Judge has never been compensated for the use of his identity in connection with such advertising.

## CLASS ALLEGATIONS

26. **Class Definitions:** Plaintiff Rajbir Singh Judge brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a Class (referred to as the "Class," unless otherwise stated), defined as follows:

> All residents of Alabama, California, Hawaii, Illinois, Nevada, Ohio, South Dakota, and Washington whose identities were displayed in a promotional email or on a website affiliated with Academia near a link to enroll in a paying subscription to Academia Premium.

27. Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Ascertainability and Numerosity**: The exact number of Class members is unknown and not currently available to Plaintiff, but it is believed to be in the thousands. Individual joinder is impracticable. Additionally, the Class is ascertainable because its members can be identified through Defendant's records.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the proposed Class, and those common questions predominate over any questions that may affect only individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

  a. Whether Defendant used Plaintiff's and Class members' names and

identities for a commercial purpose;

    b.    Whether Defendant obtained the consent of Plaintiff and Class members to use their names and identities in advertisements;

    c.    Whether the conduct described herein constitutes a violation of the Right of Publicity Statutes; and

    d.    Whether Plaintiff and the Class members are entitled to injunctive relief.

30. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defense unique to Plaintiff.

32. **Policies Generally Applicable to the Class:** This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices apply to and affect members of the Class uniformly, and Plaintiff's challenge of these practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Plaintiff and the members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

33. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

1  It would be virtually impossible for the individual members of the Class to obtain effective relief
2  from Defendant's misconduct.  Even if members of the Class could sustain such individual
3  litigation, it would still not be preferable to a class action, because individual litigation would
4  increase the delay and expense to all parties due to the complex legal and factual controversies
5  raised by this case.  By contrast, a class action presents far fewer management difficulties and
6  provides the benefits of single adjudication, economies of scale, and comprehensive supervision
7  by a single Court.  Economies of time, effort and expense will be fostered and uniformity of
8  decisions ensured.  Moreover, there are no material variations in the laws of the states in which
9  members of the Class reside and under which their claims will be pursued; to the extent any
10 variations exist, they do not outweigh the benefits of proceeding in a class action.

## COUNT I
### Violation of the Right of Publicity Statutes
### (On behalf of Plaintiff and the Class)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. By using the identities of Plaintiff and Class Members in advertisements to sell its services, Defendant derived economic value from those identities and, in turn, deprived Plaintiff and the Class members of such value.  Defendant did not compensate Plaintiff and the Class members for the commercial use of Plaintiff and the Class members' identities.  This conduct resulted in economic injury to Plaintiff and the Class members.

36. **Likeness:** Defendant's use of Plaintiff's and Class members' name and similar identifying attributes constitutes the use of a name, image, or likeness protected by the Right of Publicity Statutes. *See* Cal. Civ. Code § 3344(a) (protecting the use of "another's name, voice, signature, photograph, or likeness"); Ala. Code § 6-5-771 (defining protected "indicia of identity" to include a person's "name, signature, photograph, image, likeness, voice, or a substantially similar imitation of one or more of those attributes"); Haw. Rev. Stat. Ann. § 482P-1 (defining "name" to include "the actual or assumed name" of an individual); 765 Ill. Comp. Stat. Ann. 1075/10 (defining a protected "identity" to include "(i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice"); Nev. Rev. State. Ann. § 597.790 (protecting

1  "the name, voice, signature, photograph or likeness of every person"); Ohio Rev. Code Ann. §
2  2741.01(A) (defining a protected "persona" as "an individual's name, voice, signature,
3  photograph, image, likeness, or distinctive appearance"); S.D. Codified Laws § 21-64-1(2)
4  (defining a protected "personality" as including a "name, voice, signature, photograph, image,
5  likeness, distinctive appearance, gesture, or mannerism [which] identifies a specific person");
6  Wash. Rev. Code Ann. § 63.60.050 (protecting a "living or deceased individual's . . . name, voice
7  ,signature, photograph, or likeness").

        37.    **Commercial Purpose:** Defendant sells subscription-based access to its Academia Premium service and, as described above, Defendant uses Plaintiff Judge and the Class members' identities in various marketing emails and webpages to promote the sale of new subscriptions. The information displayed serves to identify the individual in question and to use their identity and purported connection with the Academia service to induce subscriptions. There is a direct connection between the use of the individuals' identities and Defendant's promotion of subscriptions. Defendant's use of Plaintiff and the Class members' identities therefore constitutes a commercial purpose within the meaning of the Right of Publicity Statutes. *See* Cal. Civ. Code § 3344(a) (protecting the use of a likeness "for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services"); Ala. Code § 6-5-772(a) (same "for purposes of advertising or selling, or soliciting purchases of, products, goods, merchandise, or services"); Haw. Rev. Stat. Ann. § 482P-5 (protecting against the use of a name or likeness "for purposes of advertising products, merchandise, goods, or services"); 765 Ill. Comp. Stat. Ann. 1075/5 (defining "commercial purpose" as the "use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; (ii) for purposes of advertising or promoting products, merchandise, goods, or services"); Nev. Rev. Stat. Ann. § 597.770 (defining "commercial use" as the use of a likeness "for the purposes of advertising, selling or soliciting the purchase of any product, merchandise, goods or service"); Ohio Rev. Code Ann. § 2741.01(B)(1) (defining "commercial purpose" to include "[f]or advertising or soliciting the purchase of products, merchandise, goods, services, or other commercial activities"); S.D. Codified Laws § 21-64-1(1)

(defining "commercial purpose" to include the use of a likeness "for advertising or soliciting purchases of a product, merchandise, goods, service, or for promoting a commercial activity"); Wash. Rev. Code Ann. § 63.60.050 (protecting against the use of aspects of identity "for purposes of advertising products, merchandise, goods, or services").

38. **Lack of Consent**: Defendant failed to obtain consent of any kind, let alone written consent, from Plaintiff or any member of the Class for the commercial use of their identities to promote its products. *See* Cal. Civ. Code § 3344(a) (requiring "prior consent"); Ala. Code § 6-5-772 (requiring "consent"); Haw. Rev. Stat. Ann. § 482P-5 (requiring "consent"); 765 Ill. Comp. Stat. Ann. 1075/30 (requiring "previous written consent"); Nev. Rev. Stat. Ann. § 597.790(2) (requiring "written consent"); Ohio Rev. Code Ann. § 2741.02(B) (requiring "written consent"); S.D. Codified Laws § 21-64-2 (requiring "express written consent"); Wash. Rev. Code Ann. § 63.60.050 (requiring the "consent of the owner of the right").

39. **Damages:** Plaintiff and each member of the Class are entitled to statutory damages and/or Defendant's profits from the use of their identities as provided in the respective Right of Publicity Statutes. *See* Cal. Civ. Code § 3344(a) (providing for $750 in statutory damages); Ala. Code § 6-5-774(1)(a) (providing for $5,000 in statutory damages); Haw. Rev. Stat. Ann. §482P-6(b) (providing for $10,000 in statutory damages); 765 Ill. Comp. Stat. Ann. 1074/40(a)(2) (providing for $1,000 in statutory damages); Nev. Rev. Stat. Ann. § 597.810(b)(1) (providing for $750 in statutory damages); Ohio Rev. Code Ann. § 2741.07(A)(1)(b) (providing for a minimum of $2,500 in statutory damages); S.D. Codified Laws § 21-64-5(2) (providing for $1,000 in statutory damages); Wash. Rev. Code Ann. § 63.60.060 (providing for $1,500 in statutory damages). Further, upon information and belief, Defendant knowingly and consciously disregarded the right of Plaintiff and each Class member to control the commercial use of their identities, supporting an award of punitive damages.

40. For clarity, Plaintiff asserts a claim under California Civil Code § 3344 on behalf of himself and other Class members who reside in California, and claims under each of the Right of Publicity Statutes only on behalf of Class members who reside in those states.

41. Based upon Defendant's violation of the Right of Publicity Statutes, Plaintiff and

the Class members are entitled to (1) an injunction requiring Defendant to cease using their names and any attributes of their identities to advertise their products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class members' names and identities) or statutory damages, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees. *See* Cal. Civ. Code § 3344(a); Ala. Code § 6-5-774; Haw. Rev. Stat. Ann. § 482P-6; 765 Ill. Comp. Stat. Ann. 1075/40 & 1075/55; Nev. Rev. Stat. Ann. § 597.810; Ohio Rev. Code Ann. § 2741.07; S.D. Codified Laws § 21-64-5; Wash. Rev. Code Ann. § 63.60.060.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays that the Court enter an Order:

a. Certifying this case as a class action as defined above, appointing Plaintiff Rajbir Singh Judge as Class Representative, and appointing his attorneys as Class Counsel;

b. Declaring that Defendant's actions described herein constitute a violation of the Right of Publicity Statutes;

c. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

d. Awarding statutory damages in amounts to be determined by the Court and/or jury;

e. Awarding punitive damages where applicable;

f. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

g. Awarding Plaintiff and the Class pre- and post-judgment interest; and

h. Granting such other and further relief as the Court deems equitable and just.

Respectfully submitted,

**RAJBIR SINGH JUDGE,** individually and on behalf of all others similarly situated,

Dated: July 11, 2025

By: /s/ *Yaman Salahi*

Yaman Salahi (SBN 288752)
yaman@salahilaw.com
Nicole Cabañez (*pro hac vice* forthcoming)
nicolec@salahilaw.com
**SALAHI PC**
505 Montgomery Street, 11th Floor
San Francisco, California 94111
Tel: (415) 236-2352

*Counsel for Plaintiff and the proposed Class*